IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SVEND LA ROSE,  :  <br> Plaintiff,  : <br> : <br> v.  :     CIVIL ACTION NO. 25-CV-5445 <br> : <br> SOCIAL SECURITY  : <br> ADMINISTRATION, *et al.*,  : <br> Defendants.  : | |

MEMORANDUM

**GALLAGHER, J.**                                                                 **OCTOBER 28, 2025**

Svend La Rose filed this *pro se* civil action naming the Social Security Administration ("SSA") and the Commissioner of Social Security (the "Commissioner") as Defendants. La Rose also seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed.

I.    **FACTUAL ALLEGATIONS**[1]

La Rose's allegations stem from his application for Social Security disability insurance ("SSDI"). He asserts he has received Social Security disability benefits for several years and was awarded SSDI in December 2024. (Compl. at 1-2.) However, after he was awarded SSDI, he claims the SSA "imposed a new 24-month waiting period, even though [his] previous SSDI entitlement were for the same disability within the meaning of 20 CFR 406.12." (*Id*. at 2.) He requested the SSA to "reconsider its denial of [his] Medicare benefit" on December 25, 2024. (*Id*.) He claims the "SSA has failed to act on [his] request since then, without providing any

---

[1] La Rose's Complaint ("Compl.") consists of three typewritten pages. (*See* ECF No. 2.) The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are taken from the Complaint.

substantive determination, decision, or explanation." (*Id.*) He alleges he has "made repeated inquiries and attempted to obtain updates, including multiple phone calls and a visit to [his] local office, but SSA has not taken appropriate action." (*Id.*)

As a result of these events, he claims the "SSA's prolonged inaction constitutes a violation of [his] Fifth Amendment right to due process, by depriving [him] of property, specifically Medicare benefits, without adequate procedural protections." (*Id.*) He has "suffered tangible harm, including financial hardship, diminished access to medical care, and additional costs of public transit (as the Medicare card establishes entitlement to reduced fare)." (*Id.*) He requests declaratory relief, an "immediate determination" on his claims, and "any other relief the Court deems just and proper." (*Id.* at 3.)

## II.   STANDARD OF REVIEW

The Court will grant La Rose leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other*

*grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because La Rose is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction over his claims. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

**III. DISCUSSION**

La Rose's Complaint is best construed as a request for review of the Commissioner's determination related to his SSDI benefits.[2] *See Holley v. Dep't of Veteran Affairs*, 165 F.3d

---

[2] To the extent LaRose intended to pursue a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides an extremely limited remedy against federal actors, there is no legal basis for a *Bivens* claim here. *See Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988) (concluding that a *Bivens* "remedy [for improper denial of Social Security disability benefits], not having been included in the elaborate remedial scheme devised by Congress, is unavailable").

244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.").

District Courts only have jurisdiction to review final decisions of the Commissioner of Social Security under 42 U.S.C. § 405(g).  *See, e.g., Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *Matthews v. Apfel,* 239 F.3d 589, 592 (3d Cir. 2001) (citing 42 U.S.C. § 405(g); *see also English v. Soc. Sec. Admin.*, 705 F. App'x 116, 116 (3d Cir. 2017) (*per curiam*) ("Federal-court jurisdiction over Social Security benefits cases is provided by 42 U.S.C. § 405(g)."). Any request for review, however, cannot be brought against the SSA and must be brought only against the Commissioner.  If La Rose seeks judicial review of the SSA decision denying his benefits, his claims are not properly before the Court because it is apparent from the face of the Complaint that there has not been a final decision of the Commissioner.  In his Complaint, La Rose claims that he has requested a review by the SSA to reconsider the alleged denial of benefits, but there has been no action on his request.  (*See* Compl. at 2.)  Because it appears he has not obtained a final decision from the Commissioner, the Court does not have jurisdiction to review this claim.  *See Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998) ("Ordinarily, judicial review is barred absent a 'final decision' by the Commissioner of Social Security.") (citation omitted); *Nellom v. Comm'r of Soc. Sec.*, No. 23-3215, 2024 WL 3219700, at *1 (3d Cir. June 28, 2024) (*per curiam*) ("Pursuant to the relevant regulations, a 'final decision' is rendered after a benefits claimant has completed a four-step administrative review process consisting of an initial determination, reconsideration, a hearing by an ALJ, and review by the Appeals Council." (citing *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (citing 20 C.F.R. § 416.1400))).  If La Rose has a hearing before an administrative law judge and obtains a final

decision of the Commissioner of Social Security, he can seek redress by filing a new lawsuit pursuant to § 405(g) if he is not satisfied with the results of the <u>final decision</u>.

Arguably, the Complaint could also be construed as seeking a writ of mandamus pursuant to 28 U.S.C. § 1361 directing the Defendants to rule on La Rose's pending request for reconsideration.  *See Lampon-Paz v. Comm'r of Soc. Sec.*, 669 F. App'x 71, 72 (3d Cir. 2016) (*per curiam*) ("The District Court, however, did not consider other potential grounds for jurisdiction over Lampon–Paz's request for an order directing the SSA merely to decide his appeal. One such potential ground suggested by that request would be mandamus jurisdiction under 28 U.S.C. § 1361.").  Mandamus is an extraordinary and drastic remedy that is only granted in exceptional circumstances.  *See Semper v. Gomez*, 747 F.3d 229, 251 (3d Cir. 2014). A ten-month administrative delay in this context falls far short of meeting this standard, so there is no basis for issuing a writ of mandamus here.  *See Lampon-Paz*, 669 F. App'x at 72 ("Lampon–Paz complains of the SSA's nine-month delay in deciding his administrative appeal. That delay falls far short of the delays in adjudicating benefits that courts have found problematic in other cases."); *see also Littlefield v. Heckler*, 824 F.2d 242, 247 (3d Cir. 1987) (contrasting delay of three years and nine months, with "shorter delays in processing claims [that] did not violate due process" including delays of up to two years).

### IV.     CONCLUSION

For the foregoing reasons, the Court will grant La Rose leave to proceed *in forma pauperis* and dismiss his Complaint.  This dismissal will be without prejudice to preserve La Rose's right to file a complaint in <u>a new lawsuit</u> against the Commissioner pursuant to 42 U.S.C. § 405(g) once he receives a final decision on his claim.  The Court expresses no opinion on the

merits of any such lawsuit.  To the extent the Complaint can be construed to raise other claims, those claims are dismissed with prejudice because amendment of those claims would be futile.

An appropriate Order follows, which dismisses this case.

**BY THE COURT:**


*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**